## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES SMOUSE,           )
                                 )
             Plaintiff,      )       CIVIL ACTION NO. 96-80J
                                 )
     v.                     )
                                 )
CONSOLIDATED RAIL CORPORATION, )      JUDGE GIBSON
                                 )
            Defendant.     )

# <u>MEMORANDUM OPINION and ORDER</u>

**GIBSON, J.**

### SYNOPSIS

This matter comes before the Court on the Defendant's Motion for Summary Judgment (Document No. 33) and Memorandum in Support (Document No. 34).[1] The Plaintiff filed this action pursuant to the Federal Employer's Liability Act (hereinafter "FELA") for physical injuries that are alleged to have resulted from exposure to toxic substances with which the Plaintiff came in contact during his employment with the Defendant. For the reasons stated herein, the Defendant's motion is granted.

### JURISDICTION/VENUE

The Court has jurisdiction over this FELA action pursuant to 28 U.S.C. § 1331 and 45 U.S.C. § 56 with venue being proper pursuant to 28 U.S.C. § 1391(b) and 45 U.S.C. § 56.

---

[1]These summary judgment documents and other related appendices were timely filed despite their relatively high numbering within the docket on this matter.

## CONCISE STATEMENTS OF MATERIAL FACTS

The following are the concise statements of material facts submitted by the Defendant (*See* Document No. 38) pursuant to Local Rule 56.1 B)1) to which the Plaintiff did not respond pursuant to Local Rule 56.1 C) 1).[2] Therefore, for the purposes of the Defendant's Motion for Summary Judgment, the following facts are found to be admitted by the Plaintiff based upon his counsel's failure to respond to the Defendant's proposed concise statements of material facts. *See* Local Rule 56.1 E).

[The] Plaintiff [is] one of seventeen present or former employees of Conrail who allege various work-place exposures during their employment. Exposures reportedly occurred at Conrail's Hollidaysburg Car Shop ("Car Shop" or "HCS") and Reclamation Plant ("Rec Plant"), located at Hollidaysburg, and at Conrail's Juniata Locomotive Shop, located in Juniata (collectively, "the Altoona Works"). These facilities are situated in Blair County, Pennsylvania. Conrail owned and operated the Altoona Works, beginning with its inception in April 1976. These cases arise, pursuant to the ...[FELA], 45 U.S.C. §§ 51 *et seq*. While many of the Plaintiffs worked at the Altoona Works both before and after Conrail's inception, their allegations are limited to the Conrail era. Workers at the Hollidaysburg Car Shop refurbished old railroad cars. At the Reclamation Plant, used railroad cars were dismantled and sold for scrap. Most of the scrapping activities took place outdoors. At the Juniata Locomotive Shop, new locomotives are assembled and used locomotives are repaired. Mr. Smouse started with the railroad in August 1970. Throughout his career, he has worked at the Hollidaysburg Car Shop (20 years), the Reclamation Plant and the Juniata Locomotive Shop. He worked three separate times (in the '70s and '80s) in the wheel shop totaling 4-5 years (working on passenger wheels, cleaning/installing/finalizing bearings, welding, repairing machinery, recharging vats, operating a journal lathe); he worked one year in the air brake shop rebuilding slack adjustors in the '70s and one year rebuilding emergency air valves in the '80s; the remainder of his time was spent working all over the HCS. He worked twice (1970-71, late '80s) at the Reclamation Plant for 5-6 years doing maintenance. He testified that he was exposed to: Tricholoroethane; Magnus (yellow powder); sub-turps; unidentified cleaning agents; gasoline; boxcar incinerator; barrel press, fuel tank and pumping house fumes; hydraulic oil; oily-type substance; Safety Kleen; aerosol electrical parts cleaner;

---

[2]The Court notes that the Plaintiff's failure as the non-movant to cite to evidence of record that establishes a genuine issue of material fact for trial is sufficient grounds for entry of summary judgment under Fed R. Civ. P. 56 without any further analysis. However, the Court will consider the Plaintiff's argument as presented and the references to evidence of record before the Court.

shale; transformers; mineral spirits; fly ash; dumped solvents; and oil. He attributes the following medical ailments to his alleged exposures: burnt and dried-out hands; breathing difficulty; dizziness; watery eyes and nose; skin irritations; dry/chapped hands; sore throat; itchy skin; rashes; sinuses; chest; lumps; open and bleeding hands; memory loss; headache; joint pain; shortness of breath; and being tired.

[This Plaintiff] did not identify an expert to testify that [his] alleged exposures caused [his] injuries. Dr. Melvyn Kopstein's modeling applies to workers (i) stationed on either side of the wash rack in the air brake shop and (ii) using gasoline in the garage. [The Plaintiff did not testify] that [he] worked in the garage or used gasoline as a cleaning agent there. [The Plaintiff has] presented no objective data or other evidence that [he was] exposed to chemical substances during [his] employment or that [he] received a dose of such substances. [The Plaintiff has] presented no air monitoring data or other evidence that [his] blood levels, or any other objective marker, exceed background levels. No treating physician has been identified in [this case] on the issue of medical causation.

Defendant's Concise Statement of Material Facts (Document No. 38), pp. 5-6, 23-25.[3]

## ANALYSIS

The Defendant moves for summary judgment arguing that the Plaintiff presents no evidence of exposure or causation of the Plaintiff's injuries.

The entry of summary judgment by a Court is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV. P. 56(c). All of the evidence submitted for purposes of a motion for summary judgment "must be viewed in the light most-favorable" to the non-moving party. *Continental Ins. Co. v. Bodie*, 682 F.2d 436, 438 (3d Cir. 1982). The Supreme Court in *Celotex v. Catrett* elaborated upon what is sufficient to establish summary judgment under Rule 56(c):

In our view, the plain language of Rule 56(c) mandates the entry of summary

---

[3]The Court has not included paragraphs 29 and 32 of Defendant's proposed Concise Statement of Material Facts here because they are inapplicable to the Plaintiff.

judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 2552, 91 L. Ed.2d 265, 273 (1986).

The phrase "genuine issue as to any material fact" is also described as a "genuine issue for trial":

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*." Fed.Rule Civ.Proc. 56(e) (emphasis added). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial." *Cities Service, supra*, 391 U.S., at 289, 88 S.Ct. at 1592.

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986)(internal citations omitted)(footnote omitted). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 213 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986)(internal citations omitted).

Materiality, in the context of summary judgment, is defined as follows: "As to materiality, the

4

substantive law will identify which facts are material. Only disputes over facts that might affect the

outcome of the suit under the governing law will properly preclude the entry of summary judgment.

Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986).

Therefore, the material facts in the case *sub judice* are determined by 45 U.S.C. § 51 which reads

in pertinent part:

> Every common carrier by railroad while engaging in commerce between any of the several States or Territories, ...shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee;...for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51. The Plaintiff alleges injuries resulting from exposure to toxic substances, excluding

asbestos,[4] while in the employ of the Defendant.

FELA presents a liberal view of negligence allowing for recovery from a defendant so long as

the negligent acts of a defendant contributed in any way, "even the slightest" to a plaintiff's injuries, even

in the face of a plaintiff's "contributory negligence" or "other causes" of the injury. *Rogers v. Missouri*

*Pac. R. Co.,* 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493, 500 (1957). To demonstrate the liberal

bounds of FELA's causation requirements, the Court notes that it has been recognized that "the [alleged]

injury need not be an immediate result of an accident." *Hines v. Consolidated Rail Corporation*, 926 F.2d

---

[4]The issue of asbestos exposure is noted as being previously withdrawn from the Plaintiff's case-in-chief by Plaintiff's counsel. See Argument Tr. pp. 86-88 (Document No. 84 at C.A. No. 1994-4J).

262, 268 (3d Cir. 1991)(citing *Urie v. Thompson,* 337 U.S. 163, 187, 69 S.Ct. 1018, 1033, 93 L.Ed. 1282,

1301-1302 (1949)).  Furthermore, in regard to the issue of causation in a FELA negligence action "a

medical expert can testify that there was more than one potential cause of a plaintiff's condition" and the

jury can draw a reasonable causal inference from the evidence that the defendant's negligence caused the

injury. *Id.* (citing *Sentilles v. Inter-Caribbean Shipping Corp.*, 361 U.S. 107, 109-110, 80 S.Ct. 173, 175-

176, 4 L.Ed.2d 142, 144-145 (1959)).

   The Third Circuit Court of Appeals has summarized the law of summary judgment and its

application to a FELA claim as follows:

> A review of the decisions of the Supreme Court with reference to the integrity of the jury's
> function in these cases, keeping in mind the purposes of the Act and the liberal
> construction given it, teaches that a trial court is justified in withdrawing such issues from
> the jury's consideration only in those extremely rare instances where there is a zero
> probability either of employer negligence or that any such negligence contributed to the
> injury of an employee.

*Pehowic v. Erie Lackawanna R. Co.*, 430 F.2d 697, 699 -700 (3d Cir. 1970)(footnotes omitted).

   The Plaintiff presents a FELA claim based upon alleged exposure to toxic substances and resulting

injuries. The Defendant challenges the Plaintiff's claim and requests summary judgment on the basis that

the Plaintiff lacks proof of exposure or causation.  Toxic tort claims, whether based upon common law

tort or FELA are inherently bound to the ability of the parties to respectively prove or disprove the science

behind the toxins at issue. Clearly, the Plaintiff in his various positions which included maintenance and

working on passenger wheels has worked around various different solids, liquids and gases which he can

most likely identify by appearance and/or smell as such facts are within his personal knowledge. The

Court has also determined in its Memorandum Opinion and Order of December 27, 2005 (Document No.

6

44) that it was judicially noticing the Defendant's admission in criminal case number *Commonwealth of*

*Pennsylvania v. Consolidated Rail Corporation*, 996 CR 2000 (Ct. Com. Pl., Blair County, Pa. 2000) that

the Defendant operated a "hazardous waste"[5] facility without a permit by one act of storing and two acts

of disposing of "hazardous waste" onto its grounds for at least four days as to each act in the period from

January 1, 1981 until December 31, 1984,[6] transported "hazardous waste" without a license for at least

two days in the same period, disposed of "solid waste" onto its grounds without a permit for at least three

days during the period of January 1, 1981 through December 31, 1983, and an irrelevant sixth count

stemming from the disposal of sand contrary to a permit issued to the Defendant.[7]  These judicially

noticed facts are relevant for purposes of the current summary judgment motion in that they establish a

period of time, albeit broad, that exposure of the Plaintiff could have occurred.  With these facts in hand,

the Plaintiff has sufficiently established evidence of possible exposure to toxic substances for the purpose

of summary judgment.

However, in respect to proving causation in the case *sub judice*, the Plaintiff's personal knowledge

does not extend beyond what substances he came into contact with or inhaled.  It has not been presented

---

[5]The Court notes that the terms "hazardous waste" and "solid waste" are defined in the Pennsylvania Solid Waste Management Act. *See* 35 P.S. § 6018.103.

[6]The Information charged the Defendant with one count of storing and two separate counts of disposing "hazardous waste." *See* Document No. 40, Exhibit 2. Count I alleges illegal disposal of hazardous waste by a tanker truck from January 1, 1981 through March 16, 1984, not through December 31, 1984. Counts II and III allege acts of disposal and storage, respectively, within the period of January 1, 1981 through December 31, 1984. Since the "at least four days" alleged in Count I could have also occurred within the time-frame as outlined for Counts II and III, the later date of December 31, 1984 is used in the text above for the sake of simplicity.

[7]This count is irrelevant as the disposal of "sand" is not alleged as being the basis for the physical injuries asserted by the Plaintiff. The Court notes that the scanned copy of the Information found at Document No. 40, Exhibit 2 is incomplete as to this Count apparently due to an error in scanning, but the Court referred to the Defendant's plea agreement attached to Document No. 42 as Exhibit 2 in order to understand the substance of Count VI of the Information.

that the Plaintiff is personally aware of the dosage of various toxins he may have ingested. Beyond that, it has not been presented that it is within the Plaintiff's personal knowledge as to how such possible dosages resulted in the physical injuries he has related in his Complaint. This is so because the Plaintiff is not a medical doctor, toxicologist, epidemiologist or expert in the subjects of measuring the dosage of toxins or the resulting effects of specific dosages of toxins upon the human body. Such subjects are beyond the knowledge of laymen who are not trained in and do not work in these fields of study. The need for expert testimony in the case *sub judice* as to this information is clear.

Three expert witnesses were found to have presented opinions admissible at trial after surviving the Defendant's Motion *in Limine*: Melvyn J. Kopstein, Ph.D., John J. Shane, M.D. and Allene J. Scott, M.D. None of these expert witnesses have given an opinion as to the exposure to toxins or causation of injuries of the Plaintiff. The Plaintiff's "PRE-TRIAL MEMORANDUM" (Document No. 31) lists no expert witnesses. However, the Plaintiff indicates in his Brief in Opposition (Document No. 39) at page 16, that he intends to offer his treating physician to prove causation. The treating physician was not identified as an expert witness during discovery and further, no expert report from the treating physician was produced. As this Court has noted previously, discovery has been closed for over eight years. Clearly, the Plaintiff's treating physician can testify to facts within his knowledge regarding the Plaintiff, but this physician cannot provide any expert opinion at trial as this physician is not listed on the Plaintiff's Pre-trial Memorandum and is excluded *sua sponte* by the Court pursuant to Local Rule 16.1.4 G). No further additions of expert evidence will be permitted at this time and such items are stricken from the record.

It has been noted that in the absence of expert testimony, which is necessary to prove an injury

8

claimed under FELA, summary judgment is appropriate. *See Claar v. Burlington Northern Railroad Co.*,

29 F.3d 499 (9th Cir. 1994); *Moody v. Maine Central Railroad Co*, 823 F.2d 693 (1st Cir. 1987). *Compare*

*Ulfik v. Metro-North Commuter Railroad Co.*, 77 F.3d 54 (2d Cir. 1996) (citing *Claar* and *Moody* and

determining that it is common knowledge that inhalation of paint fumes can result in headache, nausea

and dizziness). In *Moody*, the Court of Appeals for the First Circuit upheld summary judgment for a

defendant after it was concluded that the plaintiff had proffered no evidence establishing that the

defendant's harassment of the plaintiff resulted in fatigue and depression, which subsequently manifested

itself in angina. The *Moody* court stated:

> We recognize the considerably relaxed standard of proof in FELA cases. The test for
> minimally adequate proof of causation is "whether the proofs justify with reason the
> conclusion that employer negligence played any part, even the slightest, in producing the
> injury...." *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1
> L.Ed.2d 493 (1957). But although a plaintiff need not make a showing that the employer's
> negligence was the sole cause, there must be a sufficient showing (i.e., more than a
> possibility) that a causal relation existed. The general principle has been stated by Prosser
> and Keeton:
>
>> Where the conclusion [of causation] is not one within common
>> knowledge, expert testimony may provide a sufficient basis for it, but in
>> the absence of such testimony it may not be drawn.
>
> W.P. Keeton, *The Law of Torts* 269 (5th ed. 1984) (footnotes omitted). Or, in the similar
> phrasing of Harper and James,
>
>> Expert evidence is often required to establish the causal connection
>> between the accident and some item of physical or mental injury unless the
>> connection is a kind that would be obvious to laymen, such as a broken leg
>> from being struck by an automobile.
>
> 4 F. Harper, F. James, O. Gray, *The Law of Torts* § 20.2 (2d ed. 1986) (footnote omitted).
> *See also Bushman v. Halm*, 798 F.2d 651, 658-59 (3d Cir.1986).
> ***
> In the case before us, plaintiff alleges a condition (whether denominated physical or

mental) manifested only by subjective pain and allegedly arising from a series of work-related pressures, and not from any traumatic "accident" or event that jurors, as a matter of everyday experience, could causally connect with the injury alleged. The record does not contain any medical opinion as to causation from any one of the numerous doctors whom plaintiff has consulted, and there is no indication that such evidence is obtainable. These circumstances persuade us that plaintiff has failed to carry his burden under *Celotex* of making "a sufficient showing of an essential element of [his] case with respect to which [he] has the burden of proof." 106 S.Ct. at 2553.

*Moody v. Maine Central Railroad Co.*, 823 F.2d 693, 695-696 (1st Cir. 1987). In *Claar*, the Ninth Circuit also upheld the entry of summary judgment in the absence of "any admissible expert testimony" that demonstrated the causation of the injuries claimed. *Claar v. Burlington Northern R. Co.*, 29 F.3d 499, 504 (9th Cir. 1994). The Court also explained the interplay between the relaxed FELA standard of causation and the need to demonstrate causation:

> Under FELA, the jury should determine liability so long as the evidence justifies "with reason, the conclusion that employer negligence played any part, even the slightest, in producing the injury." *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 507, 77 S.Ct. 443, 449, 1 L.Ed.2d 493 (1957). This does not mean, however, that FELA plaintiffs need make no showing of causation. Nor does it mean that in FELA cases courts must allow expert testimony that in other contexts would be inadmissible. It means only that in FELA cases the negligence of the defendant "need not be the sole cause or whole cause" of the plaintiff's injuries. *See Oglesby v. Southern Pacific Trans. Co.*, 6 F.3d 603, 608 (9th Cir.1993). FELA plaintiffs still must demonstrate some causal connection between a defendant's negligence and their injuries. *Id.*; *Mayhew v. Bell S.S. Co.*, 917 F.2d 961, 964 (6th Cir.1990); *Edmonds v. Illinois Central Gulf R.R.*, 910 F.2d 1284, 1288 (5th Cir.1990); *Moody v. Maine Central R.R. Co.*, 823 F.2d 693, 695 (1st Cir.1987).

*Claar v. Burlington Northern R. Co.*, 29 F.3d 499, 503 (9th Cir. 1994)(footnotes omitted).

The Plaintiff has not proffered evidence in opposition to the Defendant's summary judgment motion that would tend to demonstrate a causal connection between any past exposure to toxins and his alleged injuries. The Plaintiff can certainly testify as to what substances, within his knowledge, he has been exposed to because he worked with such substances. However, the Plaintiff has not demonstrated

that he possesses any knowledge as to how that exposure resulted in a dose of a substance that was capable of resulting in a specific condition such as toxic encephalopathy. If the Plaintiff has expertise in the origins of toxic encephalopathy from dermal or inhalation exposure to toxins, such was not indicated in his Pre-trial Memorandum. The Court is not intending to make light of the Plaintiff's claim as it is a serious matter and requires serious consideration of the facts and science necessary to prove causation.

The Plaintiff appears to be able to establish that the Defendant's negligence caused his exposure to potentially harmful chemicals, but his evidence fails to prove that this exposure caused his injuries. *See Claar* at 503, n. 9. The fact is that the Plaintiff has not proffered *any* expert evidence demonstrating causation of his injuries. This lack of expert evidence is critical because his injuries as alleged cannot be simply summarized like a layman's testimony that his bone was broken because a car impacted against his leg. Plaintiff's counsel has argued that exposure to chloroform clearly results in dead brain cells and the death of brain cells constitute "irreversible injury" that needs no explanation by an expert witness. Plaintiff's Brief, p. 22. The Court finds that the argument of Plaintiff's counsel is overly simplistic with regard to the Plaintiff's alleged injuries.

The chemical composition of chloroform is not something readily known in the public. Chloroform's uses may be known by some people in the public such as the Plaintiff, but such knowledge is not widespread. Certainly chloroform, like all other chemicals, has a dose-level range that causes no injury to humans and another dose-level range that does cause injury to humans. Does the Plaintiff have expert knowledge of this specific dose-response relationship? Is he knowledgeable concerning what areas of the brain are affected by chloroform exposure and the resulting limitations on the functioning of the

11

human body?  The Court believes these are a few of the topics that are well outside of the common knowledge of the Plaintiff, Plaintiff's counsel and Defense counsel, the Court and the public.  Thus, expert evidence is necessary to establish the requisite causal relation in the Plaintiff's FELA claim; the Plaintiff has not proffered such evidence to controvert the Defendant's motion.  Thus, viewing all of evidence in the light most favorable to the Plaintiff as the non-movant, and because of the absence of necessary expert evidence on the subject matter of causation in the Plaintiff's claim, there is "zero probability" that the Plaintiff can recover at the time of trial.  The Defendant's Motion for Summary Judgment is granted.

**AND NOW**, this 27th day of December, 2005, this matter coming before the Court on the Defendant's Motion for Summary Judgment (Document No. 33), IT IS HEREBY ORDERED THAT 1) any expert evidence that was previously represented to the Court by Plaintiff's counsel to be evidence that was not going to be utilized at trial as well as any item of expert evidence revealed for the first time in the Plaintiff's Pre-trial Memorandum (Document No. 31) is stricken; and 2) IT IS FURTHER ORDERED THAT the Defendant's Motion for Summary Judgment is GRANTED and this civil action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to mark this matter closed.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

cc:    George Chada, Esq.
       Stephen M. Houghton, Esq.
       Peter T. Stinson, Esq.
       J. Lawson Johnston, Esq.

13